IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

OLDCASTLE PRECAST, INC.,

      Plaintiff,

  v.

VPMC, LTD,
JOSEPH R. GAMBONE, JR.,
MICHAEL A. GAMBONE,
AUDREY GAMBONE, co-executor of the
ESTATE OF ANTHONY R. GAMBONE,
SR., MICHAEL A. GAMBONE,
co-executor of the ESTATE OF
ANTHONY R. GAMBONE, SR.,
GEORGE J. FALCONERO, co-executor
of the ESTATE OF ANTHONY
GAMBONE, SR., SANDRA LEE
GAMBONE, co-executor of the ESTATE
OF ANTHONY GAMBONE, SR., and
SHARON ANAPOSIKY, co-executor of
the ESTATE OF ANTHONY
GAMBONE, SR.,

      Defendants.

: CIVIL ACTION
:
: No. 12-6270

---

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                        **JULY 26, 2013**

   Presently before the Court is Defendants, VPMC, Ltd., Joseph R. Gambone, Jr., Michael

A. Gambone, Audrey Gambone, George J. Falconero, Sandra Lee Gambone, and Sharon

Anaposiky's (collectively, "Defendants"), Motion for Reconsideration and Clarification of this

Court's May 13, 2013 Memorandum and Order, and Plaintiff, Oldcastle Precast, Inc.'s

("Oldcastle"), Response. Also, before this Court is Oldcastle's Cross-Motion for

Reconsideration, and Defendants' Reply. For the following reasons, Defendants' Motion for

Reconsideration is denied as moot, and Oldcastle's Motion for Reconsideration is denied as untimely.

I.  **BACKGROUND**[1]

Oldcastle filed a Complaint against the Defendants on November 6, 2012, and an Amended Complaint on January 7, 2013. (Doc. Nos. 1, 7). In the Amended Complaint, Oldcastle asserted claims against the Estate of John Gambone, the Estate of Anthony Gambone, and Joseph R. Gambone, Jr. (collectively, referred to as the "VPMC Principals"), and Michael A. Gambone ("Michael Gambone") for fraud (Count I), negligent misrepresentation (Count II), conversion (Count IV), civil conspiracy (Count V), and alter ego/participation (Count VIII). Oldcastle alleged a claim solely against Michael Gambone for tortious interference with a contractual relationship (Count III). Oldcastle further averred a claim against VPMC, Ltd. ("VPMC"), the VPMC Principals, and Michael Gambone for quantum meruit/unjust enrichment (Count VII), and claims solely against the VPMC Principals for breach of contract of the First Modification Agreement (Count VI), and promissory estoppel (Count IX).

Defendants filed a Motion to Dismiss on January 24, 2013. Oldcastle filed a Response on February 21, 2013, and Defendants filed a Reply on March 15, 2013. (Doc. Nos. 12-13.) On April 12, 2013, we ordered the parties to answer a set of questions propounded by this Court. (Doc. No. 14.) The parties complied with this Order, and on May 13, 2013, we filed a forty-two page Memorandum and Order granting the Motion to Dismiss in part and denying it in part. See Oldcastle, 2013 WL 1952090 at *1.

---

[1] A complete procedural and factual history of this matter is set forth in this Court's previous Memorandum Opinion. See Oldcastle Precast, Inc. v. VPMC, Ltd., No. 12-6270, 2013 WL 1952090, at *1 (E.D. Pa. May 13, 2013).

2

In accordance with our Memorandum, as to Michael Gambone, we granted Defendants' Motion to Dismiss for conversion and civil conspiracy, and denied the Motion as to fraud, negligent misrepresentation, tortious interference with a contractual relationship, quantum meruit, and alter ego/participation. As to the VPMC Principals, we granted the Motion for fraud, negligent misrepresentation, conversion, civil conspiracy, and quantum meruit. We denied the Motion as to the claims for breach of contract, alter ego, and promissory estoppel. The Motion to Dismiss against VPMC, Ltd. on the quantum meruit cause of action was granted, but the Motion to Dismiss the executor Defendants was denied. Defendants filed the instant Motion for Reconsideration and Clarification on May 28, 2013. (Doc. No. 19.) Oldcastle filed a Response on June 14, 2013, and included in this Response its own Motion for Reconsideration. (Doc. No. 20.) Defendants filed a Reply on June 20, 2013. (Doc. No. 21.)

## II. DISCUSSION

Defendants assert that its Motion for Reconsideration is limited to the "sole issue of whether Count VIII (Alter Ego/Participation) of the Amended Complaint fails as a matter of law and must be dismissed under the newly developed record." (Defs.' Mot. Recons. at 1-2.) In its Response, Oldcastle states that "in light of the Court's Order and the argument set forth in Defendants' Motion, Oldcastle hereby voluntarily dismisses its alter ego and participation claims against the VPMC Principals and Michael A. Gambone, and respectfully requests the Court to deny Defendants' Motion as moot." (Pl.'s Resp. Mot. Recons. at 2.) In accordance with Oldcastle's request, we dismiss the alter ego and participation claims (Count VIII) against both the VPMC Principals and Michael Gambone, and deny Defendants' Motion for Reconsideration as moot.

As noted, in its Response, Oldcastle attempts to file its own Motion for Reconsideration. Oldcastle requests this Court to reconsider our decision to dismiss its claim against VPMC for quantum meruit. (Pl.'s Mot. Recons. at 2.) However, this Motion is denied as untimely. Local Rule 7.1(g) provides that "[m]otions for reconsideration or reargument shall be served and filed within fourteen (14) days after the entry of the judgment, order, or decree concerned." E.D. Pa. Local R. 7.1(g). Oldcastle's Motion was filed on June 14, 2013, which is thirty-two days after our Memorandum and Order was filed on May 13, 2013.

In an effort to persuade this Court to excuse its untimely Motion for Reconsideration, Oldcastle asserts that Defendants' Motion for Reconsideration is also untimely because it was filed fifteen days after our Order on May 28, 2013. However, Defendants' Motion is not untimely. The fourteen-day period allowed by Local Rule 7.1(g) following the filing of our May 13, 2013 Order fell on Monday, May 27, 2013, which was Memorial Day. Because the fourteenth day fell on a legal holiday, pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), the period continued to run until the next day, May 28, 2013. See Fed. R. Civ. P. 6(a)(1)(C). Accordingly, since Defendants' Motion was filed on May 28, 2013, it is timely.

As noted, Oldcastle's Motion was filed on June 14, 2013, which is seventeen days after the deadline to file a motion for reconsideration under Local Rule 7.1(g). Oldcastle offers no other argument as to why the untimeliness of its Motion should be excused other than to cite Federal Rule of Civil Procedure 1 which states that the Federal Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. This Court finds no reason to excuse the untimeliness of the Motion under this Rule. Accordingly, Oldcastle's Motion for Reconsideration is denied as

untimely.

In addition, Oldcastle requests that if we deny its Motion for Reconsideration that we grant it leave to amend its First Amended Complaint to include a breach of contract claim against VPMC in addition to its breach of contract claim against the VPMC Principals. Oldcastle filed its initial Complaint on November 6, 2012, and its Amended Complaint on January 7, 2013. It is apparent from the procedural history of this matter that Oldcastle certainly had the time and opportunity to include this claim in its Complaint and/or Amended Complaint. Moreover, Oldcastle could have asked this Court earlier for leave to amend prior to this Court's decision on Defendants' Motion to Dismiss. Accordingly, this request is denied.

An appropriate Order follows.