IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
:
OLDCASTLE PRECAST, INC.,          :
                                  :
                    Plaintiff,    :   CIVIL ACTION
                                  :
         v.                       :
                                  :   No. 12-6270
VPMC, LTD,                        :
JOSEPH R. GAMBONE, JR.,           :
MICHAEL A. GAMBONE,               :
AUDREY GAMBONE, co-executor of the :
ESTATE OF ANTHONY R. GAMBONE,     :
SR., MICHAEL A. GAMBONE,          :
co-executor of the ESTATE OF      :
ANTHONY R. GAMBONE, SR.,          :
GEORGE J. FALCONERO, co-executor  :
of the ESTATE OF ANTHONY          :
GAMBONE, SR., SANDRA LEE          :
GAMBONE, co-executor of the ESTATE :
OF ANTHONY GAMBONE, SR., and      :
SHARON ANAPOSIKY, co-executor of  :
the ESTATE OF JOHN GAMBONE, SR.,  :
                                  :
                    Defendants.   :
_____:

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                               **SEPTEMBER 13, 2013**

Presently before the Court is Defendants, VPMC, Ltd., Joseph R. Gambone, Jr., Michael A. Gambone, Audrey Gambone, George J. Falconero, Sandra Lee Gambone, and Sharon Anaposiky's (collectively, "Defendants"), Renewed Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7), and Plaintiff, Oldcastle Precast, Inc.'s ("Oldcastle"), Response. For the following reasons, the Motion is granted in part and denied in part.

## I. BACKGROUND[1]

Oldcastle filed a Complaint against the Defendants on November 6, 2012, and an Amended Complaint on January 7, 2013. (Doc. Nos. 1, 7). In the Amended Complaint, Oldcastle asserted claims against the Estate of John Gambone, Sr., the Estate of Anthony Gambone, Sr., and Joseph R. Gambone, Jr. (collectively, referred to as the "VPMC Principals", and Michael A. Gambone ("Michael Gambone") for fraud, negligent misrepresentation), conversion, civil conspiracy, and alter ego/participation. Oldcastle alleged a claim solely against Michael Gambone for tortious interference with a contractual relationship. Oldcastle further averred a claim against VPMC, Ltd. ("VPMC"), the VPMC Principals, and Michael Gambone for quantum meruit/unjust enrichment, and claims solely against the VPMC Principals for breach of contract of the First Modification Agreement, and promissory estoppel.

Defendants filed a Motion to Dismiss on January 24, 2013. Oldcastle filed a Response on February 21, 2013, and Defendants filed a Reply on March 15, 2013. (Doc. Nos. 12-13.) On April 12, 2013, this Court ordered counsel for the parties to answer specific questions posed solely for the purpose of this Court's consideration regarding the issue of whether Ridgewood, Inc. ("Ridgewood") and Gambone Development Company ("GDC") are indispensable parties to this action. Specifically, we asked the parties to identify the officers and principals of Ridgewood, GDC, GAC, and VPMC for the period from December 5, 2005, through December 2011. (Doc. No. 14.) In addition, we requested the parties to describe the business relationship between any and/or all of these parties, and to name any lawsuits initiated by Oldcastle against

---

[1] A complete procedural and factual history of this matter is set forth in this Court's previous Memorandum Opinion. See Oldcastle Precast, Inc. v. VPMC, Ltd., No. 12-6270, 2013 WL 1952090, at *1 (E.D. Pa. May 13, 2013).

Ridgewood, GDC, or any Defendant in this action in the Bucks County Court of Common Pleas involving the property involved in this case, including the status of such suits. (Id.) Both parties responded on April 26, 2013. Defendants reported that on July 26, 2012, Oldcastle, through its current counsel, commenced an action in the Bucks County Court of Common Pleas against Ridgewood, GDC, and all Defendants named in the Amended Complaint (the "July 2012 Litigation"). (Id.) As noted, Oldcastle commenced the instant action on November 6, 2012, against these same Defendants, and on November 7, 2012, Oldcastle, through its current counsel, filed complaints for confession of judgments in Bucks County against Ridgewood and GDC under separate docket numbers. (Id.) On November 27, 2012, Oldcastle filed a Praecipe to Discontinue the July 2012 Litigation, and on December 12, 2012, Ridgewood and GDC each filed a Petition to Open Confessed Judgment. (Id.) Apparently, these Petitions in Bucks County are currently pending.[2] On May 13, 2013, we filed a forty-two page Memorandum and Order granting the Motion to Dismiss in part and denying it in part. See Oldcastle Precast Inc., 2013 WL 1952090 at *1. In accordance with our Memorandum, as to Michael Gambone, we granted Defendants' Motion to Dismiss for conversion and civil conspiracy, and denied the Motion as to fraud, negligent misrepresentation, tortious interference with a contractual

---

[2] Defendants state in this instant Motion that on August 6, 2013, Judge Susan Devlin Scott of the Bucks County Court of Common Pleas heard argument on the petitions to open the confessed judgments. (Defs.' Renewed Mot. to Dismiss at 2, n.2.) Defendants assert that Judge Scott stated at this hearing that if this "Court [federal court] brings Ridgewood and GDC back into this first-filed federal litigation," she is "likely to defer to this Court on the issue of Ridgewood and GDC's alleged breaches." (Id.) Oldcastle responds that Defendants have mischaracterized Judge Scott's statements. (Pl.'s Reply at 2.) Oldcastle asserts that "Judge Scott expressed a desire to wait for this Court to rule upon the Renewed Motion before deciding the Petitions to Open, and nothing more." (Id.) Oldcastle adds that Judge Scott never suggested that the issues of breach should be decided by this Court, and, if anything, suggested that the issues have already been decided. (Id.) However, neither party provided a transcript of this hearing, and thus, we do not know exactly what was stated by Judge Scott.

relationship, quantum meruit, and alter ego/participation. (Id.) As to the VPMC Principals, we granted the Motion for fraud, negligent misrepresentation, conversion, civil conspiracy, and quantum meruit. We denied the Motion as to the claims for breach of contract, alter ego, and promissory estoppel. The Motion to Dismiss against VPMC on the quantum meruit cause of action was granted, but the Motion to Dismiss the executor Defendants was denied. Regarding the issue of whether Ridgewood and GDC are indispensable parties to this action, because Oldcastle asserted that it needed more discovery to understand the "ownership structure and financial organization" of Ridgewood, GDC, GAC, and VPMC, we did not decide this issue at that time and gave Oldcastle additional time for discovery. (Id. at *23.) We further determined that Defendants could renew their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7) after they complied with further discovery requests from Oldcastle. (Id.)

Defendants filed a Motion for Reconsideration and Clarification on May 28, 2013. (Doc. No. 19.) Oldcastle filed a Response on June 14, 2013, and included in this Response its own Motion for Reconsideration. (Doc. No. 20.) In its Response, Oldcastle voluntarily agreed to dismiss its alter ego and participation claims against the VPMC Principals and Michael Gambone. (Id.) Accordingly, on July 26, 2013, we dismissed these claims, and denied the Motion for Reconsideration. (Doc. No. 24.) We also denied Oldcastle's own Motion for Reconsideration. (Id.) In addition, we ordered that Defendants shall have fourteen days to renew their Motion to Dismiss solely on the issue of "indispensable parties." (Id.) On August 9, 2013, Defendants filed this instant Renewed Motion (Doc. No. 25), and on August 19, 2013, Oldcastle filed its Response.

## II.   STANDARD OF REVIEW

In reviewing a motion brought under Federal Rule of Civil Procedure 12(b)(7), the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party.  See Pittsburgh Logistics Sys., Inc. v. C.R. England, Inc., 669 F. Supp. 2d 613, 618 (W.D. Pa. 2009) (citing Jurimex Kommerz Transit G.M.B.H. v. Case Corp., 65 F. App'x 803, 805 (3d Cir. 2003)).  To prevail on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(7), Defendants must show that Oldcastle has failed to join a party under Federal Rule of Civil Procedure 19.  Rule 19 specifies the circumstances in which the joinder of a particular party is compulsory.  See Gen. Refractories Co. v. First State Ins. Co., 500 F.3d 306, 312 (3d Cir. 2007).  Rule 19(a)(1) states:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

Under Rule 19(a)(1), a court first asks whether complete relief may be accorded to those persons named as parties to the action in the absence of the unjoined party.  See Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 405 (3d Cir. 1993) (citing Fed. R. Civ. P. 19(a)(1)).  A Rule 19(a)(1) inquiry is limited to whether the district court can grant complete relief to the persons already parties to the action.  Id.  The effect a decision may have on the absent party is immaterial.  Id. (citing Field v. Volkswagenwerk AG, 626 F.2d 293, 301

5

(3d Cir. 1980)). "If the party is indispensable, then the action cannot go forward."[3] Janney, 11 F.3d at 405.

## III. DISCUSSION

We first note that, in their original Motion to Dismiss, Defendants argued that this entire action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(7) because Ridgewood and GDC are indispensable parties to this action. However, in this current Renewed Motion, Defendants only assert that "Ridgewood and GDC must be brought back into this litigation," and have not argued for dismissal of the entire action. (Defs.' Renewed Mot. to Dismiss at 4.)

Defendants have always argued that Oldcastle admitted that Ridgewood and GDC are indispensable parties by suing them in its initial Complaint. (Defs.' Mot. to Dismiss at 33.) Defendants continue to assert that Ridgewood and GDC unquestionably have an interest in the claims because Oldcastle cannot possibly succeed against any Defendants unless Oldcastle proves that Ridgewood is in default of the Note and that GDC is in default of the Guaranty. (Id.) Therefore, Defendants argue that Ridgewood and GDC are "indispensable parties given that this Court is being requested to impose a multi-million dollar debt on each of them, jointly and severally, and make a judicial declaration that would affect all three companies." (Id.)

---

[3]As we noted in our earlier Memorandum Opinion, Ridgewood and GDC's joinder in this case is feasible because this joinder would not deprive this Court of subject matter jurisdiction. Oldcastle is a corporation organized under the laws of the State of Washington with its principal place of business in Washington. (Am. Compl. ¶ 1.) Oldcastle avers in its Amended Complaint that Defendants either have their principal places of business in Pennsylvania or are citizens of Pennsylvania. In addition, in its initial Complaint, it averred that both Ridgewood and GDC have their principal places of business at the same address in East Norriton, Pennsylvania. (Compl. ¶¶ 2-3.) Defendants do not dispute these averments. Thus, diversity of citizenship is complete and joinder is feasible. See Oldcastle Precast, Inc. 2013 WL 1952090, at *21 n.13.

Oldcastle responds that, although it admits that Ridgewood and GDC have interests relating to the subject of the action, their abilities to protect such interests are neither impaired or impeded by their absence because these "interests are being litigated in two separate actions in Bucks County in which Oldcastle has obtained judgment by way of confession against Ridgewood and GDC for defaults under the Note and the Guaranty." (Pl.'s Resp. Mot. to Dismiss at 28.) Oldcastle argues that the issues of whether Ridgewood was in default of the Note and that GDC was in default of the Guaranty have already been decided, and that has been entered in Oldcastle's favor as to both issues.[4]

Defendants assert that Ridgewood and GDC's fundamental involvement in this matter is made clear by Oldcastle's own allegations in its Amended Complaint, which makes them indispensable parties to this action. We agree, and note that Oldcastle has averred in its Amended Complaint that: (1) as of the maturity of the mortgage note (the "Note"), Ridgewood breached the Note by making interest-only payments, but failed to pay any amount of the principal to Oldcastle (Am. Compl. ¶ 21); (2) Ridgewood failed to pay the principal and any other amount due Oldcastle under the Note by the modified maturity date of August 3, 2008 (Id. ¶ 32); (3) Ridgewood breached the Second Modification Agreement by failing to sell the property at issue and pay the Note by March 3, 2011 (Id. ¶¶ 40-41); (4) GDC guaranteed Ridgewood's loan obligation that Ridgewood has failed to repay (Id. ¶ 19); (5) GDC breached the guaranty to pay Oldcastle when Ridgewood failed to pay the principal balance when initially due on November 3, 2007 (Id. ¶ 21); (6) GDC breached the First Modification Agreement, in

---

[4]However, there is no dispute that Defendants filed to have the confessed judgments opened in the Bucks County Court of Common Pleas, and that such petitions are currently pending in that Court. See footnote 2.

which "GDC reaffirmed their obligations under the Loan Documents, including GDC's guaranty of Ridgewood's obligations to Oldcastle under the Loan Documents" (Id. ¶ 30); and, (7) GDC breached the Second Modification, in which it reaffirmed their obligations under the "Loan Documents." (Id. ¶¶ 36-37.)

Moreover, in response to our April 12, 2013 Order requiring Defendants to identify the Officers and Principals of Ridgewood, GDC, GAC, and VPMC from December 5, 2005 through December 2011 (Doc. No. 14), Defendants acknowledge that all of these entities have certain officers, directors, and shareholders in common. (Doc. No. 15.) Defendants state that, for example, Defendants Michael Gambone and Joseph Gambone, Jr. are current officers and directors of Ridgewood, GDC, and VPMC. (Id.) Defendant Sharon Anaplosky is a current officer and director of VPMC and Ridgewood along with Michael Gambone and Joseph Gambone, Jr. (Id.) Joseph Gambone, Jr. is an officer of all four entities. (Id.) In addition, all of Ridgewood's shareholders are also shareholders of VPMC.[5] (Id.)

It is apparent from the information submitted by Defendants regarding the relationship of the parties that both named individual Defendants, Joseph Gambone, Jr. and Michael Gambone, and named deceased Defendants, Anthony Gambone, Sr., and John Gambone, Sr., are or were, at relevant times, either officers, directors, and/or shareholders of Ridgewood, GDC, GAC, and VPMC. Thus, it is also apparent to this Court that given the interrelationships between the individual Defendants and these four entities that any attempt to ascertain the liability among them would be difficult, if not impossible, without Ridgewood and GDC being parties to this

---

[5] We note that Oldcastle has not asserted in its Response to this Renewed Motion that it has found any information during the course of the additional discovery that is in dispute with the information Defendants have submitted regarding the relationship of the parties.

action. As stated above, under Federal Rule of Civil Procedure 19(a)(1), a court first asks whether complete relief may be accorded to those persons named as parties to the action in the absence of the unjoined party. See Janney, 11 F.3d at 405. For the reasons discussed above, we find that complete relief in this action could not be afforded to the parties in the absence of Ridgewood and GDC. Accordingly, we find that Ridgewood and GDC are indispensable parties to this case. We, thus, deny Defendants' Renewed Motion to Dismiss, but order Oldcastle to amend its Complaint and add Ridgewood and GDC as Defendants.

      An appropriate Order follows.