**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

—————————————————————
                                          :

OLDCASTLE PRECAST, INC.,          :

                                        :

                         Plaintiff,      :     CIVIL ACTION

                                        :

          v.                          :

                                        :     No. 12-6270

VPMC, LTD,                        :

JOSEPH R. GAMBONE, JR.,        :

MICHAEL A. GAMBONE,          :

AUDREY GAMBONE, co-executor of the  :

ESTATE OF ANTHONY R. GAMBONE,  :

SR., MICHAEL A. GAMBONE,      :

co-executor of the ESTATE OF       :

ANTHONY R. GAMBONE, SR.,      :

GEORGE J. FALCONERO, co-executor  :

of the ESTATE OF ANTHONY       :

GAMBONE, SR., SANDRA LEE     :

GAMBONE, co-executor of the ESTATE  :

OF ANTHONY GAMBONE, SR., and   :

SHARON ANAPOSIKY, co-executor of  :

the ESTATE OF JOHN GAMBONE, SR.,  :

                                        :

                       Defendants.    :

—————————————————————:

<u>**MEMORANDUM**</u>

**ROBERT F. KELLY, Sr. J.**                           **MARCH 4, 2014**

       Presently before the Court is Defendants, Gambone Development Company ("GDC") and

Ridgewood, Inc.'s ("Ridgewood") (collectively, "Defendants"), "Motion for Leave to Amend

Answer and Affirmative Defenses to Assert Counterclaims" against Plaintiff, Oldcastle Precast,

Inc. ("Oldcastle").   For the following reasons, the Motion is denied.

I.      **BACKGROUND**[1]

Oldcastle filed a Complaint against Defendants on November 6, 2012, and an Amended Complaint on January 7, 2013.  (Doc. Nos. 1, 7.)  Defendants filed a Motion to Dismiss on January 24, 2013.  (Doc. No. 12.)  Defendants indicated in this Motion that on November 7, 2012, Oldcastle also filed complaints for confession of judgments in the Bucks County Court of Common Pleas ("State Court") against Ridgewood and GDC, and on December 12, 2012, Ridgewood and GDC each filed a Petition to Open Confessed Judgments in that Court.  (Id.)

On May 13, 2013, we filed a Memorandum and Order granting the Motion to Dismiss in part and denying it in part.  See Oldcastle Precast Inc., 2013 WL 1952090 at *1.  In addition to granting the Motion as to several causes of action and denying it with regard to others, we also declined to address the issue of whether Ridgewood and GDC are "indispensable parties" to this action granting Oldcastle additional time for discovery on this issue.  (Id. at *23.)  We further stated that Defendants could later renew their Motion to Dismiss only with regard to this issue after they complied with additional discovery requests from Oldcastle.  (Id.)

Defendants filed a Motion for Reconsideration and Clarification on May 28, 2013.  (Doc. No. 19.)  Oldcastle filed a Response, and included in this Response its own Motion for Reconsideration.  (Doc. No. 20.)  We denied both Motions on July 26, 2013.  See Oldcastle Precast, Inc., 2013 WL 3865112, at *1-2.  In addition, we ordered that Defendants shall have fourteen days to renew their Motion to Dismiss solely on the issue of "indispensable parties."

---

[1]A complete procedural and factual history of this matter is set forth in this Court's previous Memorandum Opinions.  See Oldcastle Precast, Inc. v. VPMC, Ltd., No. 12-6270, 2013 WL 4958066, at *1 (E.D. Pa. Sept. 13, 2013); Oldcastle Precast, Inc. v. VPMC, Ltd., No. 12-6270, 2013 WL 1952090, at *1 (E.D. Pa. May 13, 2013).

(Doc. No. 24.)  On August 9, 2013, Defendants filed a Renewed Motion.  (Doc. No. 25.)  On September 13, 2013, we denied the Motion to Dismiss, but determined that Ridgewood and GDC are indispensable parties to this case and, accordingly, we ordered Oldcastle to amend its Complaint and add these parties as Defendants.  See Oldcastle Precast, Inc., 2013 WL 4958066, at *1-4.  In accordance with this Order, on September 27, 2013, Oldcastle filed a Second Amended Complaint adding Ridgewood and GDC as Defendants.  (Doc. No. 29.)  Defendants filed an Answer to the Amended Complaint with Affirmative Defenses on October 21, 2013. (Doc. No. 32.)  GDC and Ridgewood filed the instant Motion for Leave to Amend Answer and Affirmative Defenses to Assert Counterclaims on February 4, 2014.  (Doc. No. 34).  Oldcastle filed a Response on February 18, 2014, and Defendants filed a Reply on February 27, 2014. (Doc. Nos. 35-36.)

## II.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleadings by leave of court, which should be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2).  The decision to grant leave to amend rests within the discretion of the court, but should only be denied on the basis of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposing party; or (4) futility of amendment.  Foman v. Davis, 371 U.S. 178, 182 (1962); see also Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of Virgin Islands, Inc., 663 F.2d 419, 425 (3d Cir. 1981); Fort Washington Resources, Inc. v. Tannen, 153 F.R.D. 565, 566 (E.D. Pa. 1994); Perfect Plastics Industries, Inc. v. Cars & Concepts, Inc., 758 F. Supp. 1080 (W.D. Pa. 1991).

**III.    DISCUSSION**

Defendants assert that Oldcastle is in violation of a "Subordination Agreement" among Oldcastle, Ridgewood, and Continental Bank (the "Bank") that was executed contemporaneous with the real estate deal, which is the subject of this litigation.  (Defs' Mot. to Am. at 1.) Defendants state that in order to pay Oldcastle $1,400,000 cash for the real estate at closing, Ridgewood obtained a loan from the Bank, guaranteed by GDC, and secured by a first lien mortgage on the real estate.  (Id.)  Defendants state further that the Subordination Agreement unconditionally bars Oldcastle from taking "any lien on or security interest in any of [Ridgewood's] property, now owned or hereafter acquired or created, without the prior written consent of the Bank," and that the Subordination Agreement also precludes Oldcastle from taking action against GDC.  (Id., Ex. B.)  Defendants argue that in direct violation of the Subordination Agreement, Oldcastle confessed judgment against Ridgewood and GDC in the State Court, and now that the State Court has opened the improperly confessed judgments and stayed the cases pending the resolution of this litigation, this "Court should grant Defendants leave to assert a claim for breach of the Subordination Agreement and for a declaration that Oldcastle's confession of judgment actions are barred by the Subordination Agreement."  (Id. at 1-2.)

Oldcastle responds that this Motion to Amend should be denied for any and/or all of the four reasons that this Court may deny such a request - undue delay, bad faith, prejudice, and futility.  See Foman, 371 U.S. at 182.  We agree that Defendants' Motion should be dismissed on the basis of "undue delay."  Accordingly, we address this reason below, and need not address the other three reasons enumerated in Foman.

4

When evaluating whether an amendment should be denied for undue delay, the Court must look to whether the movant had previous opportunities to amend the pleading, to the point where the delay has placed an "unwarranted burden" on the court.  Cureton v. Nat'l Collegiate Athletic Ass'n., 252 F.3d 267, 273 (3d Cir. 2001); see also Adams v. Gould, 739 F.2d 858, 868 (3d Cir. 1994).  "The concept of 'undue delay' includes consideration of whether new information came to light or was available earlier to the moving party."  In re Adams Golf, Inc. Secs. Litig., 381 F.3d 267, 280 (3d Cir. 2004).  In determining whether there has been undue delay, the focus should be on the moving party's reasons for not amending the pleading sooner. USX Corp. v. Barnhart, 395 F.3d 161, 168 (3d Cir. 2004).

We first note that in its own Motion for Reconsideration filed on June 26, 2013, Oldcastle requested leave to amend its First Amended Complaint to include a breach of contract claim against Defendant, VPMC, in addition to its breach of contract claim against the VPMC Principals.  (Pl.'s Mot. Recons. at 3-4.)  We, however, denied this request on the basis of undue delay determining that Oldcastle "certainly had the time and opportunity to include this claim in its Complaint and/or Amended Complaint."  See Oldcastle Precast, Inc. v. VPMC, Ltd., No. 12-6270, 2013 WL 3865112, at *2 (E.D. Pa. July 26, 2013).

Likewise, we deny Defendants' instant Motion to Amend for undue delay.  Here, there is no question that Defendants had many opportunities to seek to amend the pleadings and add a counterclaim(s) against Oldcastle since the beginning of this litigation, but chose not to do so. As noted earlier, Oldcastle filed its Complaint against the Defendants on November 6, 2012, and an Amended Complaint on January 7, 2013.  (Doc. Nos. 1, 7.)  Over the next several months, there was extensive litigation in this matter.  Defendants filed a Motion to Dismiss, a Motion for

5

Reconsideration, and a Renewed Motion to Dismiss.  (Doc. Nos. 9, 19, 25.)  Also, as noted, we denied Defendants' Renewed Motion to Dismiss determining that Ridgewood and GDC are indispensable parties and, ordered Oldcastle to amend its Complaint and add Ridgewood and GDC as Defendants.  See Oldcastle Precast, Inc., 2013 WL 4958066, at *1.  On September 27, 2013, Oldcastle filed a Second Amended Complaint adding Ridgewood and GDC as Defendants. (Doc. No. 29.)  On October 21, 2013, Defendants filed an Answer to the Amended Complaint with Affirmative Defenses.  (Doc. No. 32.)  However, given another opportunity to plead the Subordination Agreement as an affirmative defense, and assert a counterclaim of breach of contract against Oldcastle, Defendants, inexplicably, failed to do so.  Instead, Defendants waited almost four months to file the instant Motion to Amend.

Defendants cannot now argue that new information recently came to light or that information necessary to assert a counterclaim for breach of the Subordination Agreement was not available earlier to them in order to seek a Motion to Amend.  See  In re Adams Golf, 381 F.3d at 280.  The terms of the Subordination Agreement were clearly known by Defendants when it was executed on November 3, 2006.  (Defs.' Mot. to Am., Ex. A.)  Surely, at the latest, the terms were known almost a year prior to the filing of Defendants' Answer to the Amended Complaint on October 21, 2013, because on November 7, 2012, Oldcastle filed complaints for confession of judgments in the State Court against Ridgewood and GDC.  Moreover, on December 12, 2012, Defendants filed Petitions to Open the Confessed Judgments in the State Court and specifically alleged, among other things, that the Subordination Agreement entered into among Oldcastle, Ridgewood, and the Bank forbids Oldcastle from confessing judgments

6

against Defendants in the State Court actions.[2]  (Pl.'s Resp., Exs. C and D.)

Defendants have offered no reasonable explanation as to why they have waited until this stage of the litigation to seek to assert a counterclaim that was known by them for well over a year.  Defendants assert that this Motion has been brought in a timely and diligent manner because formal discovery is not due to close until June 18, 2014, and that the "State Court only recently stayed the Confession Actions, opening the door for Ridgewood and GDC to assert the proposed counterclaims."  (Defs.' Mot. to Amend at 7.)  However, the fact that discovery has yet to close under this Court's scheduling Order, and that the State Court has recently stayed its proceedings, certainly does not excuse or explain Defendants' failure to request leave to amend to assert counterclaims that they have known about for well over a year.  Additionally, Defendants could have certainly requested leave to amend their Answer from this Court during the course of the extensive litigation that has already taken place in this matter.  Accordingly, Defendants' Motion for Leave to Amend their Answer is denied.

An appropriate Order follows.

---

[2]See Oldcastle Precast, Inc. v. Ridgewood, Inc., (Bucks Co. No. 12-09646) and Oldcastle Precast, Inc. v. Gambone Development Company, (Bucks Co. No. 12-09645).